# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CHRISTIAN MORRIS,<br><br>        Petitioner,<br><br>  v.<br><br>CHRISTIAN PFEIFFER,<br><br>        Respondent. | Case No. CV 19-06075-RSWL (AS)<br><br>**ORDER OF DISMISSAL** |

## I. BACKGROUND

On July 15, 2019, Christian Morris ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"). (Docket Entry No. 1).[1]

The Petition asserts the following ground for federal habeas

---

[1] The Court assumes that the Petition was filed pursuant to 28 U.S.C. § 2254.

1

relief: "The Court imposed enhancement time for a non violent, second striker at 20% credit rate that's supposed to be half time, 50%, the enhancement time is unlawful as of January 1, 2019." (Petition at 3). In support of his claim, Petitioner states: "CDCR (California Department of Corrections and Rehabilitation has only given me 20% credit rate for charges that meets criteria for half time 50%. Furthermore as of January 1, 2019 there's no more double the base term enhancement time for prison prior; enhancement time for multiple felony at the same time." (Id.).[2]

A Petition for Writ of Habeas Corpus can only be filed by a petitioner who is in state custody and contends that such custody is <u>in violation of the Constitution, laws or treaties of the United States</u>. 28 U.S.C. § 2254(c).

The claim alleged in the Petition is incomprehensible, vague and conclusory. See <u>Hendrix v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory" or palpably incredible . . . 'or patently frivolous or false.'"; citations omitted).

Moreover, to the extent that Petitioner has attempted to allege a sentencing error claim (i.e., denial of custody credits), this claim only involves the application and/or interpretation of

---

[2] It does not appear that Petitioner has exhausted his state remedies with respect to the claim alleged in the Petition. (<u>See</u> Petition at 4-5).

2

state law and consequently is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(reiterating that it is not the province of a federal habeas court to reexamine state court determinations on state law questions); Smith v. Phillips, 455 U.S. 209, 221 (1982)("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir. 1984).

Because Petitioner does not state a claim for relief under 28 U.S.C. § 2254, dismissal of the Petition is warranted.

## II. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 31, 2019

*RONALD S.W. LEW*
_____
RONALD S.W. LEW
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3